# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
          **Plaintiff,**

          **v.**                                          **Case No. 99-CR-35**

**ROBERT L. BOSTON**
          **Defendant.**

---

## ORDER

On November 3, 1999, Judge Thomas Curran sentenced defendant Robert Boston to 162 months in prison, to run consecutive to a state sentence. On May 16, 2002, Judge Curran reduced the sentence to 145 months, again running consecutive, on the government's Fed. R. Crim. P. 35(b) motion. The case was re-assigned to me on Judge Curran's retirement.

On August 1, 2008, defendant sent the court a letter, asking that he be sent a copy of the sentencing transcript so that he could determine how much sentence credit the court granted and file for said credit. I obtained the court file and replied by letter that the transcript had not been prepared, and thus the clerk could not forward defendant a copy of it.[1] I further advised defendant that, as a general matter, the district court did not award sentence credit; the Bureau of Prisons ("BOP") did.

Defendant then filed a "Motion Requesting County Jail Credit," claiming that Judge Curran granted him 277 days credit. He indicated that the BOP will award credit only if it is ordered by the court in the judgment and therefore asked the court to forward an amended

---

[1]In my letter response, I mistakenly indicated that defendant's letter was dated August 1, 1995, rather than August 1, 2008.

judgment reflecting 277 days credit.

The district court lacks authority to order sentence credit because that power rests exclusively with the BOP.[2]  United States v. Wilson, 503 U.S. 329, 333 (1992); United States v. McGee, 60 F.3d 1266, 1272 (7th Cir. 1995).  A defendant dissatisfied with the BOP's credit determination must first exhaust his administrative remedies before presenting the issue to the courts via a petition for a writ of habeas corpus.  See, e.g., United States v. Jones, 34 F.3d 495, 499 (7th Cir. 1994).

**THEREFORE, IT IS ORDERED** that defendant's motion is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 20th day of January, 2009.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[2]District courts also generally lack the authority to amend criminal judgments years after imposition of sentence.  See, e.g., United States v. Romandine, 206 F.3d 731, 735 (7th Cir. 2000).

2